UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO JOSE NUNEZ-RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>SIXTO MARRERO; et al.,<br><br>Respondents. | Case No.:  26cv3276-LL-GC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Gerardo Jose Nunez-Ramirez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], which claims his detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 52–97. Petitioner seeks a writ of habeas corpus directing Respondents to release him or, alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). Pet. at 23-24.

Respondents filed a Return in which they state that "it is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2)," but "the government acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." ECF No. 4 at 2 (citations omitted). Respondents further state that in light of the Court's prior decisions on cases with

1

similar facts, "the government does not oppose the petition and defers to the court on the appropriate relief." *Id.* at 3.

Petitioner filed a Traverse on June 9, 2026. ECF No. 7. In Petitioner's Traverse, he states that he "has remained in ICE custody for an extended period" and reiterates his request for immediate release. *Id.* at 2.

Upon the Court's review of the Petition and the Traverse, Petitioner has not presented the Court with any controlling authority that supports Petitioner's request for immediate release (instead of a bond hearing) given the facts of Petitioner's case. Petitioner is a native and citizen of Venezuela who is currently being detained by the Department of Homeland Security. Pet. ¶¶ 13, 19. Petitioner entered the United States without inspection on or about August 30, 2021. *Id.* ¶ 20. Petitioner has lived in the United States for almost five years. *Id.* ¶ 22. Petitioner was detained by U.S. Immigration and Customs Enforcement during a traffic stop on or about April 30, 2026. *Id.* ¶ 23. The Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See, e.g.*, *Beltran v. Noem*, No. 25cv2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.*

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART AND DENIED IN PART** as set forth below.

2. Petitioner's request for immediate release is **DENIED WITHOUT PREJUDICE.**

3. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order (unless a continuance is requested by Petitioner).

   a. At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

26cv3276-LL-GC

b. The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

c. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).

4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 18, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv3276-LL-GC