UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GERARDO JOSE NUNEZ-RAMIREZ,
Petitioner,

v.

SIXTO MARRERO; et al.,
Respondents.

Case No.: 26cv3276-LL-GC

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

[ECF No. 10]

Before the Court is Petitioner Gerardo Jose Nunez-Ramirez's Motion to Enforce Judgment. ECF No. 10. Respondents filed a response opposing the motion (ECF No. 12), and Petitioner did not file a Reply. Upon the Court's review of the briefing in this case, the Court ordered Respondents to lodge a transcript of the bond hearing, which was lodged on August 21, 2026. ECF Nos. 15, 16. For the reasons set forth below, the Court **DENIES** the Motion.

On June 18, 2026, this Court partially granted Petitioner's Petition for Writ of Habeas Corpus and ordered an individualized bond hearing before an immigration judge ("IJ"). ECF No. 8. On June 23, 2026, IJ Stuart Zander held a bond hearing and denied bond, finding that Petitioner's lack of credibility and candor to the court (about his income and sponsor) indicated that Petitioner was a flight risk. ECF No. 16-1 at 35-39. On June 29, 2026, Petitioner filed the instant Motion arguing that the IJ did not comply with this Court's

June 18, 2026 Order because the IJ did not provide a meaningful, individualized bond hearing and did not consider any alternative conditions of release like a higher bond amount. ECF No. 10 at 2.

After reviewing the transcript of the bond hearing (ECF No. 16-1), the Court disagrees with Petitioner's contention that the IJ did not comply with this Court's June 18, 2026 Order. First, Petitioner's argument that "the failure to consider less restrictive alternatives to detention [or a higher bond amount]" is without merit. Motion to Enforce at 2-3. The Court's June 18, 2026 Order stated in relevant part that: "The immigration judge shall consider alternative conditions of release and Petitioner's ability to pay bond *if he determines bond is appropriate*." ECF No. 8 at 3 (emphasis added). Here, the IJ determined that bond is not appropriate, so the IJ did not have to consider alternative conditions of release.

Second, Petitioner's argument that "the IJ failed to meaningfully engage with the evidence or articulate any analysis of [the *Guerra*] factors" is also without merit. Motion to Enforce at 2-3. As an initial matter, the IJ conducted a bond hearing that was approximately one and a half hours long as evidenced by Respondents' lodgment of audio exhibit. ECF No. 13. The IJ began the hearing with stating the applicable burden of proof, and then heard argument and admitted evidence from counsel for both parties. *See generally* ECF No. 16-1. The IJ also asked Petitioner some questions, applied the *Guerra* factors, and ultimately found issues with Petitioner's credibility. *Id.* at 35-39.

In sum, Petitioner has failed to allege any basis for this Court to enforce its judgment. While federal courts have "inherent power to enforce its judgments" (*Peacock v. Thomas*, 516 U.S. 349, 356 (1996)), the district court reviews an immigration custody determination in habeas proceedings under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh

evidence but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785.

Nowhere in his Motion does Petitioner argue that the IJ applied the incorrect legal standard or assert some violation of his constitutional rights. Accordingly, the Court **DENIES** Petitioner's Motion to Enforce Judgment.

**IT IS SO ORDERED**.

Dated: September 1, 2026

Honorable Linda Lopez
United States District Judge